U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 FEB 11 PM 4:21

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

SECURITIES & EXCHANGE )
COMMISSION, )
 )
 )
    Plaintiff, )
 )
    v. )   Case No. 5:14-cv-6
 )
CHAD C. McGINNIS, )
SERGEY PUGACH, and )
JANUSZ SUCHOWIEJKO, )
 )
    Defendants, and )
 )
BELLA PUGACH, )
 )
    Relief Defendant. )

**OPINION AND ORDER GRANTING IN PART DEFENDANTS'
MOTION TO STAY ACTION FOR NINETY DAYS**
(Docs. 339, 352, 353)

Defendants Sergey Pugach, Chad C. McGinnis, and Janusz Suchowiejko (collectively, "Defendants") request a stay of this action based upon what they characterize as an imminent criminal indictment of Defendant Pugach. (Docs. 339, 352, 353.)[1] They argue that continuing to litigate this civil case will require them to reveal their defense strategies to the government in an anticipated criminal case, will allow the government to access their civil case for information that would not be available to the government in a criminal prosecution, and will compromise their Fifth Amendment rights.

Plaintiff Securities & Exchange Commission (the "SEC") opposes the motion, arguing that the possibility of an indictment is speculative and that any prejudice faced by

---

[1] Defendant Pugach's motion seeking the return of assets seized pursuant to a seizure warrant, (Doc. 339), will be addressed in a separate Order.

Defendants as a result of proceeding in the instant case would be minimal. After oral argument on February 9, 2016, the court took the motion under advisement.

The SEC is represented by Dugan Bliss, Esq., Gregory A. Kasper, Esq., and James A. Scoggins, Esq. Defendant McGinnis is represented by Michael Q. English, Esq., Evan I. Cohen, Esq., Kevin M. Henry, Esq., and Lauren J. Schreur, Esq. Defendant Pugach is represented by Alan J. Sobol, Esq., Edward B. Lefbvre, Esq., Megan Youngling Carannante, Esq., and Craig S. Nolan, Esq. Defendant Suchowiejko is represented by Maryanne E. Kampmann, Esq.

### I. Factual and Procedural Background.

This lawsuit concerns the SEC's allegation that Defendants violated the securities laws by engaging in insider trading related to Keurig Green Mountain ("KGM") stock. In July 2013, Defendant Pugach represents that he became aware of an investigation of his trading activities conducted by the SEC, the Department of Justice (the "DOJ"), and the Federal Bureau of Investigation. On July 24, 2013, the SEC initiated this case against Defendant McGinnis, Defendant Pugach, and Relief Defendant Bella Pugach in the District of Connecticut. On the same day, the SEC filed a motion for a temporary restraining order and preliminary injunction to freeze Defendant Pugach's and Defendant McGinnis's trading assets, and to enjoin them from future violations of securities laws. The District of Connecticut granted the motion for a temporary restraining order and scheduled a hearing for the SEC's motion for a preliminary injunction.

On October 29-31, 2013, the District of Connecticut conducted a hearing regarding the preliminary injunction, at which Defendant Pugach testified. After the hearing, but before the District of Connecticut issued a decision on the matter, the SEC and Defendant Pugach agreed to resolve the preliminary injunction issue by stipulation, which they filed with the District of Connecticut (the "Stipulation"). The Stipulation provides for the freezing of Defendant Pugach's trading assets, and the SEC's agreement not to oppose his requests to release certain assets for monthly living expenses and reasonable defense fees for the remainder of the action. In addition, the Stipulation prohibits Defendant Pugach from further violating certain securities laws.

On December 11, 2013, the District of Connecticut granted in part and denied in part the SEC's motion for a preliminary injunction. The District of Connecticut did not adopt the Stipulation, but rather concluded that certain monies should remain available for Defendants Pugach and McGinnis.

On January 7, 2014, the District of Connecticut transferred this case to the District of Vermont. Defendant Suchowiejko was subsequently joined as a defendant. On March 18, 2014, the court issued an Order adopting the Stipulation as to Defendant Pugach.

Thereafter, the parties engaged in discovery, which is nearing completion with a pretrial conference set for March 15, 2016.[2] The SEC deposed Defendants Pugach and McGinnis, who did not assert their Fifth Amendment rights.

On December 17, 2015, the DOJ obtained a warrant to seize property subject to forfeiture, signed by Magistrate Judge Conroy in a miscellaneous case, authorizing the seizure of the trading account assets of Defendant Pugach, Defendant McGinnis, and Relief Defendant Bella Pugach. In support of its application for the warrant, the DOJ submitted the affidavit of Jan Kostka, a member of the DOJ Mail Fraud Team of the Postal Inspection Service. In his affidavit, Postal Inspector Kostka averred that the information contained therein "is based upon [his] personal knowledge, as well as information obtained during this investigation, directly or indirectly, from other sources and agents, including: (a) information provided by the [SEC]; (b) telephone records; (c) trading records from broker-deals; and (d) publicly available documents." (Doc. 339-8 at 3, ¶ 2.) On the basis of such information, Postal Inspector Kostka represented that "[t]here is probable cause to believe that Chad C. McGinnis, Sergey Pugach, and others perpetrated an insider trading scheme that enriched the perpetrators by more than $7 million." *Id.* at 4, ¶ 5.

According to Defendant Pugach, on December 18, 2015, the DOJ advised his counsel of the impending seizure of his trading assets. DOJ trial counsel also referenced

---

[2] The only outstanding discovery that remains is the submission of Defendants' expert witness reports, the SEC's depositions of those experts, and Defendants' deposition of the SEC's experts as to their supplemental reports. The court has stayed the discovery deadlines pending its resolution of the pending motion to stay the case.

3

the report of Michael Mayer, one of the SEC's experts, during that discussion, and noted that Defendant Pugach has "'real exposure,'" and that the evidence against him is "'somewhat overwhelming[.]'" (Doc. 339-1 at 5-6.) On January 5, 2016, the DOJ filed an inventory, confirming that it had seized Defendant Pugach's, Defendant McGinnis's, and Relief Defendant Bella Pugach's trading accounts. According to Defendant Pugach, on January 13, 2016, Assistant United States Attorney Gregory Waples predicted to Defendant Pugach's counsel that the DOJ would indict Defendant Pugach in February 2016. An indictment, however, has not yet issued.

On January 15, 2016, Defendant Pugach filed the pending motion to stay the action. Defendants McGinnis and Suchowiejko join in the pending motion.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Second Circuit reviews a district court's decision to grant or deny a party's motion to stay for abuse of discretion. *Id.*

"The person seeking a stay bears the burden of establishing its need." *Id.* at 97 (internal quotation marks omitted). "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Id.* (internal quotation marks omitted). Indeed, "a stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy." *Id.* at 98 (alterations and internal quotation marks omitted).

"The district court's decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* at 99 (internal quotation marks omitted). District courts in the Second Circuit have used a six-factor balancing test when deciding whether to grant a stay:

4

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* Although this test may serve as a "rough guide[,]" it is not a "mechanical device[]" and should not "replac[e] the district court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Id.*

### B. Whether to Stay the Action Because Defendants Face Imminent Criminal Indictment.

Defendants argue that the court should stay the action because a criminal indictment concerning the same matters at issue in the instant case is imminent. They contend that proceeding in the instant case will require the disclosure of their expert witness reports, which will likely be transmitted from the SEC to the DOJ, and which will reveal their defense strategies. Defendants additionally point out that proceeding in the instant case may compromise their Fifth Amendment rights to the extent not already waived, and that the SEC's and the public's interests in proceeding in this case are minimal because Defendants pose no risk of further violating securities laws.[3]

The SEC counters that, at this point, criminal indictment is speculative, and that Defendants' expert witness testimony is merely one portion of Defendants' defense strategy. It argues that the contents of Defendants' expert reports were revealed to some extent in Defendants' depositions of the SEC's experts. The SEC further points out that Defendants have already testified regarding most, if not all, of the issues likely to be raised in a criminal case and thus face minor prejudice with regard to their Fifth Amendment rights. It contends that it, the public, and the court have significant interests in the prompt resolution of this case.

---

[3] Defendant McGinnis is no longer employed by KGM and neither the SEC nor the DOJ argues that the alleged insider trading is ongoing.

The posture of this case is peculiar in the sense that criminal indictment is neither speculative nor certain. *Compare U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp., Inc.*, 297 F. Supp. 2d 531, 534-35 (E.D.N.Y. 2003) (providing that "[p]re-indictment requests for a stay of civil proceedings are generally denied" in a case where "any parallel criminal proceeding [was] purely speculative"), *with SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) (en banc) (holding that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter"). The Second Circuit has observed that "[a] district court may stay civil proceedings when related criminal proceedings are *imminent* or pending, and it will sometimes be prudential to do so." *Louis Vuitton*, 676 F.3d at 98 (emphasis supplied).

In this case, the DOJ, after investigating Defendants for more than two years, recently seized Defendant Pugach's and Defendant McGinnis's trading assets and represented to Defendant Pugach's counsel that an indictment will be forthcoming at some point in the near future. Because the recent seizure underscores the likelihood that a criminal indictment is indeed forthcoming, the court finds sufficient evidence that a criminal prosecution is neither remote nor hypothetical but is imminent, and that this possibility weighs in favor of a stay. *See id.* at 100 n.14 (noting that it is prudent to consider "whether a prosecution is likely and imminent as opposed to a remote or purely hypothetical possibility" when considering whether to stay an action).

The facts and circumstances of this case, the laws allegedly violated, and the evidence to be presented to a finder of fact will be virtually identical in any criminal prosecution. *See Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 41-42 (S.D.N.Y. 1993) (staying a civil case as to all defendants because the "central figures" and the "central issue" were implicated in a parallel criminal case). The only clear difference is that it does not appear that the DOJ will presently seek a criminal indictment against Defendant Suchowiejko. Allowing the instant case to proceed solely against Defendant Suchowiejko would be neither pragmatic nor fair, and would be a waste of judicial and

6

party resources. *See Volmar*, 152 F.R.D. at 42 (holding that a stay of the entire case would be granted "[t]o avoid duplication of effort and unnecessary litigation costs"). The parallel nature of the cases and the overlap between them also weigh in favor of a stay. *See Louis Vuitton*, 676 F.3d at 101 (noting that "[t]he criminal proceeding involved the same subject matter as the civil action[,]" which "supported the entry of a stay").

The parties do not dispute that the SEC has some interest in the prompt resolution of this case. *See* Doc. 339-1 at 16 ("Concededly, the [SEC] has a legitimate interest in 'the expeditious resolution of [its] case.'") (quoting *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995)). However, the SEC's ability to prosecute this case to a conclusion would not be substantially prejudiced by a ninety-day stay to determine whether an indictment will issue. This case is based on historical evidence that has been preserved through extensive discovery. There is thus no real risk that evidence will be lost and witnesses' memories will fade if a stay is granted. *Cf. Dresser*, 628 F.2d at 1377 (observing that the SEC should not have to wait for the DOJ to complete its investigation because "[i]f [the DOJ] moves too slowly[,] the statute of limitations may run, witnesses may die or move away, memories may fade, or enforcement resources may be diverted").

Defendants have neither delayed this civil case, nor otherwise frustrated the SEC's ability to prosecute it. Instead, both Defendants and the SEC have diligently pursued discovery and have vigorously litigated the case. This is also not a case in which the need for a stay arises from a unilateral decision by Defendants or as a result of circumstances within their exclusive control. *Cf. Louis Vuitton*, 676 F.3d at 104 ("In light of the length of time that the lawsuit had progressed by the time the indictments issued, and defendants' dilatory tactics during discovery, granting a stay posed a particular risk to [the plaintiff's] interest in the prompt resolution of its claims.").

In contrast to the minimal prejudice the SEC would face if the case were stayed for ninety days, if the instant case proceeds, Defendants will be required to turn over expert witness reports to the SEC. This, in turn, may reveal their defense strategies to the DOJ, which has already made use of the evidence gathered in this case. *See, e.g.*, Doc.

7

339-8 at 3, ¶ 2 (Postal Inspector Kostka stating that he considered "information provided by the [SEC]"). This same information would not necessarily be available in a criminal prosecution. *Compare* Fed. R. Crim. P. 16(b)(1)(C) (requiring the defendant to provide the government a "written summary of any [expert] testimony that the defendant intends to use" only if "the defendant requests disclosure" of the government's expert witnesses or if the defendant intends to "present expert testimony on the defendant's mental condition"), *with* Fed. R. Civ. P. 26(a)(2)(B) (requiring a party to reveal "a complete statement of all opinions the [expert] witness will express and the basis and reasons for them; [] the facts or data considered by the [expert] witness in forming them; [and] any exhibits that will be used to summarize or support them[,]" among other things). Defendants' rights in a criminal prosecution may thus be prejudiced in the absence of a stay. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) ("A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.").

Although Defendants' Fifth Amendment rights may have been waived by certain aspects of their deposition testimony, they nonetheless may assert a Fifth Amendment privilege in a criminal prosecution. Defendants' remaining Fifth Amendment rights may therefore be "undercut[]" if a stay is not granted. *See Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985).

Finally, the court's and the public's interests are in equipoise. "[C]ourts have an interest in seeing civil actions proceed even where a criminal investigation is ongoing[.]" *Templeton*, 297 F. Supp. 2d at 535. However, deferring resolution of this case "makes efficient use of judicial time and resources by [e]nsuring that . . . subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003). As to the public, it has an interest "in stopping allegedly fraudulent stock sales, [and] . . . in disgorgement of allegedly wrongfully obtained profits." *SEC v. Wheeler*, 2011 WL 4745048, at *5

(W.D.N.Y. Oct. 7, 2011). However, in this instance, Defendant Pugach is expressly prohibited from further violations of the securities laws pursuant to the Stipulation, there is no indication that Defendants McGinnis and Suchowiejko pose any present risk of violating the securities laws, and "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Javier H.*, 218 F.R.D. at 75.

For the foregoing reasons and based on the present facts and circumstances, a stay is warranted because it would impose only a minimal "hardship, inequity, or injustice" on the SEC and would preserve Defendants' rights in any criminal action. *See Louis Vuitton*, 676 F.3d at 99. The court therefore ORDERS a stay of ninety (90) days, at which time it will determine whether the stay should be lifted or continued based on, among other things, whether Defendant Pugach has been criminally indicted.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Defendants' motion to stay the action (Docs. 339, 352, 353).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 11th day of February, 2016.

Christina Reiss, Chief Judge
United States District Court