# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 5:14-cv-00006-CR |
| v. | ) ) |
| CHAD C. McGINNIS, et al., | ) ) |
| Defendants | ) ) |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT CHAD C. McGINNIS'S MOTION *IN LIMINE* TO FURTHER LIMIT TESTIMONY OF DANIEL L. REGARD

Plaintiff Securities and Exchange Commission (the "SEC") herby files its opposition to Defendant Chad C. McGinnis's Motion *In Limine* to Further Limit Testimony of Daniel L. Regard (Doc. 555) (the "Motion").

## PRELIMINARY STATEMENT

Dissatisfied that the Court only excluded some of Mr. Regard's opinions, McGinnis has moved *in limine* essentially to reargue his previously rejected arguments (indeed, explicitly incorporating those prior arguments, *see* Motion at 7 n.2). Those arguments still fail. The SEC understands the Court's prior order and does not intend to ask Mr. Regard to testify about any evidence based on ShellBag artifacts or any other excluded evidence.

The testimony that McGinnis now seeks to exclude, however, was not excluded by the Court. It is appropriate trial testimony. For those reasons, and the reasons detailed in the SEC's original *Daubert* briefing being reargued by McGinnis, Defendant's motion should be denied.

## BACKGROUND

In its February 1, 2019 Order (Docket No. 521), the Court excluded certain opinion testimony by Mr. Regard.  The SEC does not intend to elicit any testimony from Mr. Regard that was excluded by the Court.  Specifically, the Court excluded the following:

- "Mr. Regard may testify that he was asked by the SEC to investigate user interactions with certain folders and files. In doing so, he shall refer to those folders and files by their names and shall not be permitted to opine whether they contain CBI or MNPI."  *Id.* at 14.

- "Mr. Regard is therefore precluded from opining as to the alleged motive underpinning certain computer activities. He may, however, testify regarding the activities themselves including any alleged file deletion, copying, and renaming."  *Id.* at 16.

- "Mr. Regard [is] not qualified by knowledge, skill, experience, or training to render ShellBag opinions."  *Id.* at 23.

- "[A]ny rebuttal that Mr. Regard offered should have been similarly confined to the single NTUSER.dat file with regard to which he originally opined."  *Id.* at 26.

- And ultimately, "the court GRANTS Defendants' motion to strike Mr. Regard's Rebuttal Reports to the extent they offer opinions not contained in his Initial and Supplemental Reports (Doc. 454) and EXCLUDES the ShellBags opinions contained in each of his expert witness reports under Fed. R. Evid. 702."  *Id.* at 27.

Thus, the core of the Court's order excluded ShellBag opinions and rebuttal opinions not contained in Mr. Regard's Initial and Supplemental Reports.  As detailed below, the SEC does not intend to elicit any such testimony from Mr. Regard.  The remaining opinions of Mr. Regard are appropriate for trial testimony.

## ARGUMENT

I.      **Mr. Regard may testify about his change journal opinions and his non-ShellBag-related USB device opinions.**

      a.   The Court specifically allowed Mr. Regard to provide opinions about file migration, including the Change Journal.

In its February 1, 2019 Order, the Court specifically identified the Change Journal as a piece of evidence upon which Mr. Regard based his file migration opinions. Docket No. 21 at 17 (also noting that a "Change Journal is a computer's systems file that records changes made within the software's file system such as when a file is added, deleted, or renamed."). Mr. Regard described and disclosed his opinions on this topic in his July 3, 2017 Report. Ex. 1 (July 3, 2017 Report) at 12-14.

The Court analyzed Mr. Regard's file migration opinions and found that they "are not subject to serious challenge on reliability grounds" and thus specifically allowed them. Docket No. 521 at 19. These opinions were specifically allowed by the Court's order, are not based on ShellBag artifacts, and were not excluded by the Court. There is nothing improper about these opinions, so Defendant's motion should be denied.

      b.   Bizwire Cheat Sheet is an appropriate subject for Mr. Regard's testimony.

Mr. Regard will testify about a document called "Bizwire Cheat Sheet.doc" being found in the Change Journal of Mr. McGinnis's laptop. McGinnis argues that because that document was not disclosed in an interrogatory response asking for documents containing MNPI, it is somehow an inappropriate topic for Mr. Regard's testimony. That is wrong for at least two reasons.

First, that document was disclosed in connection with Mr. Regard's Change Journal opinions in his 2017 Report. Ex. 1 (July 3, 2017 Report) at 12-14. Thus, it was a disclosed

opinion and subject of testimony years ago.  Second, the document itself does not contain MNPI, rather it provides instructions on how to access a site for posting press releases and other documents containing MNPI.  *See* Ex. 2 (Trial Exhibit 198).

Thus, there is no basis to exclude testimony about the Bizwire Cheat Sheet.doc document.

           c.  The Court excluded ShellBag-related USB drive evidence, but did not exclude USB drive evidence based on other forensic artifacts.

Next, McGinnis attempts to exclude ALL USB drive evidence, rather than just the USB drive evidence based on ShellBag artifacts.  The Court specifically noted that the USB drive opinions relied on multiple artifacts, and not only on the excluded ShellBag artifacts:

> Both Mr. Regard and Mr. Tarbell found that a WD 2500BMV External USB Device was attached to DELLXPS-PC as well as to GMCR36152 and CHADMCLT.  These opinions are not based exclusively on ShellBags analysis but are based on LNK file artifacts as well.

Docket No. 521 at 9 n.9; *see also id.* at 5 ("The LNK file artifacts can be used to establish that (1) CBI files were copied from KGM servers and placed on USB devices (2) and renamed in such a way that they would appear innocuous.").  This is consistent with Mr. Regard's disclosed opinions, which describe USB drive evidence based on non-ShellBag artifact evidence, including LNK files.  *See* Ex. 3 (Nov. 17, 2014 Report) at 30-35; Ex. 4 (Oct. 13, 2015 Supplemental Report) at 2-6.  This non-ShellBag artifact evidence was not excluded by the Court.

Thus, Mr. Regard's USB drive evidence opinions are appropriately the subject of trial testimony so long as they are not based on ShellBag artifacts.  Defendant's motion should therefore be denied.

**II.     Mr. Regard's Batchops testimony is admissible.**

McGinnis claims that the SEC informed his counsel that it intends to elicit "factual narrative" testimony about the Batchops domain administrator account from Mr. Regard.  That is false.  The SEC intends to call multiple GMCR witnesses to testify about Batchops.  Their testimony will provide a factual narrative about what Batchops was, what it was used for, and what it could access.

In addition to that, Mr. Regard will testify about various issues related to Batchops, including what it was able to do as a domain administrator account, and (non-ShellBag) evidence of its use on computers located in McGinnis's office.  This testimony falls squarely within Mr. Regard's expertise in computer networks and computer forensics, and was disclosed as part of his Report.  *See* Ex. 3 (Nov. 17, 2014 Report) at 14-20.  This non-ShellBag evidence was not excluded by the Court.

Thus, there is no basis to exclude Mr. Regard's remaining testimony about Batchops and Defendant's motion should be denied.

**III.    Mr. Regard's testimony about thumbnail cache documents is admissible, as the Court already ruled.**

The Court already ruled that "Mr. Regard is qualified in the field of computer forensics to render an opinion regarding the nature and purpose of thumbnail images and explain their extraction and use in this case."  *Id.* at 17.  McGinnis attempts to re-litigate the Court's decision by again making a Rule 403 argument.  The thumbnail cache documents exist on McGinnis's work laptop.  While the exact files were not presently found on Green Mountain's computer network, a similar document was.  The SEC will present the evidence as to what was found on McGinnis's computer and what a similar document contained.  All of McGinnis's arguments go

to issues that may be appropriate cross examination, but present no basis for exclusion.  Thus,

Defendant's motion should be denied.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, the SEC respectfully requests that Mr. McGinnis's Motion *In Limine* be denied.

Respectfully submitted this 6th day of March, 2019.

Gregory A. Kasper, Esq.
  (Colo. Bar No. 46800)
Polly Atkinson
  (Colo. Bar No. 18703)
Securities and Exchange Commission
Denver Regional Office
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, CO  80294
Phone:  (303) 844-1000
E-mail:      kasperg@sec.gov
              atkinsonp@sec.gov


s/ Dugan Bliss
Dugan Bliss, Esq.
  (Colo. Bar No. 36698)
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY  10281
Phone:  212-336-0971
E-mail:      blissd@sec.gov


*Counsel to Plaintiff Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, the foregoing **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT CHAD C. McGINNIS'S MOTION *IN LIMINE* TO FURTHER LIMIT TESTIMONY OF DANIEL R. REGARD** was filed with the Clerk of the Court. The CM/ECF system will provide service of the filing via Notice of Electronic Filing to all registered parties.

*/s/* Dugan Bliss